**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| RENWICK A. PARSONS,<br>Plaintiff,<br>v.<br>M&T BANK,<br>Defendant. | Civil Action No.<br>1:24-cv-05903-SDG |

**OPINION AND ORDER**

This case is before the Court for consideration of the Final Report and Recommendation (R&R) entered by United States Magistrate Judge Catherine M. Salinas [ECF 26], which recommends that Defendant M&T Bank's motion to dismiss for failure to state a claim [ECF 24] be granted, and that Plaintiff Renwick A. Parsons's amended complaint be dismissed with prejudice. Parsons filed objections and a motion for leave to amend [ECFs 30, 31]. After careful consideration, Parsons's objections are **OVERRULED**, and the R&R is **ADOPTED** in its entirety.

A party challenging a report and recommendation issued by a United States Magistrate Judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to

which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's report and recommendation. In addressing objections, it may consider an argument that was never presented to the magistrate judge, and it may also decline to consider a party's argument that was not first presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

The R&R concludes alternatively that Parsons's amended complaint should be dismissed as a shotgun pleading; for failing to satisfy Fed. R. Civ. P. 8(a)'s requirement of a short and plain statement of the claim, as it does not contain allegations about M&T or its conduct; and for failing to state any plausible claims for relief. Parsons objects that he plausibly alleges that "Defendant claims authority to enforce the loan obligation"; "Defendant has initiated foreclosure proceedings without establishing lawful authority to enforce the note"; and

"Plaintiff has not received adequate accounting of the loan obligation or the transfers allegedly affecting the debt."

However, these objections simply reiterate the problems identified in the two previous R&R's recommending dismissal. The amended complaint still does not distinguish between the actions of Parsons's original mortgage lender (Fairway Independent Mortgage Corporation), the current (alleged) holder of his promissory note (FNMA 2022-4 Trust), the assignee of his security deed (Lakeview Loan Servicing), and Defendant M&T, the servicer of the promissory note. And, as the R&R points out, regardless of whether M&T may enforce the promissory note, "[u]nder current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed." *You v. JP Morgan Chase Bank*, 293 Ga. 67, 74 (2013).

Lastly, because the Court has already given Parsons an opportunity to replead his claims, but he failed to remedy the defects identified in this Court's Orders, the R&R did not err in recommending that Parsons's claims against M&T be dismissed with prejudice. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (quoting *Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018)) ("A [*pro se*] plaintiff must be given at least one chance to

amend the complaint before the district court dismisses the action with prejudice.") (alterations in original).

Accordingly, Parsons's objections to the R&R [ECF 31] are **OVERRULED**, and undersigned **ADOPTS** the R&R [ECF 26] as the Order of this Court. M&T's motion to dismiss [ECF 24] is **GRANTED**, and Parsons's amended complaint is **DISMISSED with prejudice**. Parsons's motion for leave to amend [ECF 30] is **DENIED as moot**.

The Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED** this 28th day of September, 2026.

Steven D. Grimberg
United States District Judge